IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERIC VON DRAKE § | |
|    Petitioner § | |
| § | |
| § | Civil Action No. 3:08-MC-064-O |
| § | ECF |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b). This is a Petition to Perpetuate Testimony, filed May 28, 2008. Plaintiff's Motion for Hearing was filed June 6, 2008. This Court finds that a hearing is not required for the reasons stated below and recommends that the petition be DENIED.

**BACKGROUND**

Petitioner Eric Von Drake initiated this petition *pro se*. Petitioner was driving in Dallas County when Dallas Police officer, Joseph M. Chatham, pulled Petitioner over and wrote him a ticket for speeding. After leaving the scene, Petitioner returned within a few minutes to determine what type of laser the Officer was using. One of the other officers on the scene told Petitioner the name of the radar being used to measure speed. Petitioner alleges that this officer was Caucasian and acted in ways that made Petitioner fear for his life. Petitioner observed Officer Chatham pull over another motorist. Officer Chatham released the other motorist without writing a ticket. Petitioner claims this action may have been discriminative towards him either because of his race, and or because Petitioner was not a City of Dallas employee.

1

Petitioner filed this Petition to Perpetuate Testimony in anticipation of a complaint against Chatham and the City of Dallas for possible conspiracy, discrimination, fraud, and other similar civil law violations. Petitioner seeks to depose Chatham and requests that Chatham bring documents identified by Petitioner to the deposition. Petitioner argues that a pre-trial deposition is required in order to prevent a failure or delay of justice.

## STANDARD OF REVIEW

A petition to perpetuate testimony brought pursuant to FED. R. CIV. P. 27(a) enables a person under certain limited circumstances to seek perpetuation of testimony prior to commencement of suit. *See In re Eisenberg*, 654 F.2d 1107, 1111 (5th Cir. 1981). The petitioner must title the petition in his or her name and establish:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (B) the subject matter of the expected action and the petitioner's interest; (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses; so far as known; and (E) the name, address, and expected substance of the testimony of each deponent.

*See* Fed. R. CIV. P. 27(a)(1)(A)-(E). Rule 27 is not a license for general discovery. *See Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5th Cir. 1981); *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir. 1975). Petitioner must demonstrate a present inability to bring any action at the time the petition is presented. *See Shore*, 644 F.2d at 388. *See also Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961) ("the party seeking the deposition [must] be unable to bring the suit or cause it to be brought"). "Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show . . . that without the perpetuation of the testimony a failure or delay of justice will occur." *See In re Eisenberg*, 654 F.2d at 1111 (citing Fed. R. CIV. P. 27(a)(3)).

**DISCUSSION**

Petitioner alleges that he may have been unlawfully discriminated against by Officer Chatham because of his race, and or because he was not an employee of the City of Dallas. (Pet. Perpetuate Testim. at 2.) Petitioner contends he is unable to bring a lawsuit until he is able to receive information sought through a deposition. (*Id.* at 3.) Petitioner contends his request will prevent a failure or delay of justice. (*Id.* at 3-4.) For these reasons, Plaintiff seeks an order of the Court authorizing him to depose Officer Chatham prior to filing suit.

The proposed plaintiff must show "an immediate need to perpetuate testimony." *See Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995). "Rule 12 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *See Ash*, 512 F.2d at 911.[1] "A person contemplating litigation has no absolute entitlement to early discovery under Rule 27." *See In re Application of Eisenberg*, 654 F.2d at 1112. The abuse of Rule 27 by potential plaintiffs who try to use it as a means of discovery to enable them to draw their complaint is avoided by the requirement that the party seeking a deposition be unable to bring suit or cause it to be brought. *See Martin*, 297 F.2d at 49.[2]

---

[1] *See, e.g., Lucas v. Judge Advocate Gen., Naval Criminal Investigative Servs.*, 245 F.R.D. 8, 9 (D.D.C. 2007) (petition may be granted when, for example, witness will be unavailable because of age or infirmity); *In re Deiulemar di Navigazione*, 153 F.R.D. 592, 593 (E.D. La 1994) (finding necessity existed when vessel with crew members possessing particular knowledge of dispute was about to leave port); *In re Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68, 70 (M.D. Pa. 1991) (petition for perpetuation granted when proposed deponent suffered from heart-related problems and diseases).

[2] One court has accepted a less stringent standard. In *In re Alpha Industries, Inc.*, the Southern District of New York held that "the fact that petitioner must delay bringing suit until receiving the information sought is a sufficient showing to allow the use of Rule 27 to perpetuate respondent's testimony." 159 F.R.D. 456, 457 (S.D.N.Y. 1995). Other courts have rejected *Alpha Industries*' holding that a need to comply with Rule 11 of the Federal Rules of Civil Procedure is sufficient to support a proceeding under Rule 27. *See, e.g., In re Ford*, 170 F.R.D. 504, 508 (M.D.Al. 1997) ("This court disagrees with *Alpha Industries* to the extent that court extends Rule 27 to allow for precomplaint discovery under Rule 12 . . . the plain language of the Rule 27 simply does not support that reading."); *Application of Sitter*, 16 F.R.D. 80, 82 (D. Minn. 1996) (specifically rejecting *Alpha Industries*, and ruling that petitioner could not use Rule 27 to determine whether she had medical malpractice cause of action). This understanding of Rule 27 is in line by legal commentators

Petitioner has presented no evidence that the testimony of persons with knowledge of material facts relevant to Petitioner's proposed lawsuit will be unavailable after a complaint is filed. Petitioner has not alleged that the potential deponent, Chatham, is "aged, gravely ill, or preparing to leave the country for an indefinite or lengthy period of time." *See In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978) (denying petitioner's petition to perpetuate testimony when she sought the order "because of a lack of knowledge of facts necessary" to prepare a sufficient complaint). Petitioner only states in conclusory terms that he "is requesting the depositions of [Officer Chathams] to prevent a failure or delay of justice." (Pet. Perpetuate Test. at 3.) *See also In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (denying Rule 27(a) petition when petitioner set forth no factual basis and merely made a conclusory statement regarding his need for preserving the testimony of a witness); *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) ("Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory.").

Here, Petitioner seeks to discover or uncover testimony, not to perpetuate it. *See In re Ford*, 170 F.R.D. 504, 507. He simply wants "to investigate the claim because there are many facts not apparent or assessable to the Plaintiff otherwise." (Pet. Perpetuate Testim. at 5.)[3]

---

as well. *See, e.g.*, 8 CHARLES A. WRIGHT, ET AL. FEDERAL PRACTICE AND PROCEDURE § 2072 (2d ed. 1994) ("The early commentators agreed that [allowing full discovery] was not the purpose of the rule, and despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be 'abuse of the rule.'").

[3] Petitioner desires to depose Chatham to determine:
    1) Why Chatham released the Caucasian motorcyclist and not the Petitioner, who is Black; 2) Whether or not motorcyclist was a police officer; 3) Whether or not the motorcyclist claimed to be a City of Dallas employee, but in fact was not; 4) Whether or not this was standard policy by the Dallas Police Department, to allow city of Dallas employees to violate the law with impunity; 5) Why Chatham failed to follow Dallas Police procedure and cite any person violating the law; 6) What other crimes the Dallas Police Department allowed police officers and city of Dallas employees to violate without being punished and was this type of behavior carried on with the approval or knowledge of the Chief of Police in Dallas county.

(Pet. Perpetuate Test. at 3.)

However, Rule 27 does not provide for such discovery. *See In re Ford*, 170 F.R.D. at 507 (denying Rule 27(a) petition when petitioner requested the deposition in order to determine the appropriate party defendants to the anticipated action and to establish an accurate account of the facts in order to draft a complaint in compliance with Rule 11).

Petitioner's claim therefore ultimately rests only on the basis that the petition is needed to permit him "to discover the facts necessary to make an informed decision about whether a lawsuit would be meritorious." (Pet. Perpetuate Testim. at 5.) "Yet it is well settled that Rule 27(a) 'is not a method of discovery to determine whether a cause of action exists; and if so, against whom action should be instituted.'" *See In re Boland*, 79 F.R.D. at 668 (citing *Petition of Gurnsey*, 223 F. Supp. 359, 360 (D.D.C. 1963)). *See also Petition of the State of N.C.*, 68 F.R.D 410 (S.D.N.Y. 1975) ("Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint."). Because Petitioner misperceives the purpose of a Rule 27 petition and fails to show that the perpetuation of Chatham's testimony may prevent a failure or delay of justice, his Petition to Perpetuate Testimony should be denied.

## CONCLUSION

Rule 27 affords relief only to those petitioners seeking to "perpetuate testimony" and may not be used for the purpose intended by the Petitioner. Therefore, Petitioner's petition for Rule 27 discovery prior to the filing of a complaint should be denied.

## **RECOMMENDATION**

For the reasons herein set forth, this Court recommends that the District Court **deny** Eric Von Drake's Petition to Perpetuate Testimony.

**SO RECOMMENDED.** July 29, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE